IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:12-90-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Elaine Vastine, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant argues that she is entitled to relief pursuant to the Supreme Court's ruling in *Alleyne v. United States*, 570 U.S. \_\_, 133 S. Ct. 2151 (2013). The Government filed a motion to dismiss, contending that Defendant's motion is untimely. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the motion and the consequences if she failed to respond. Defendant has not responded to the Government's motion and the time for doing so has expired.

The court has reviewed the complete record in this case. For the reasons stated in the Government's motion, which this court finds to be correct and adopts as its findings, the court finds Defendant's motion is untimely filed[1] and without merit. Accordingly, the court **grants** the

---

[1] The Circuit Courts are split as to when a judgment of conviction becomes final for purposes of § 2255(f)(1), where, as here, the Defendant files no appeal. The Second, Third, Sixth, Tenth and Eleventh Circuits have held that "the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals." *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) (emphasis added). *Accord United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006); *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir.2000); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). However, the Fourth Circuit has held that where no appeal has been filed, the judgment of conviction becomes final on the date the district court enters judgment, and not "upon the expiration of the period in which the defendant could have appealed to the court of appeals." *United States v. Sanders*, 247 F.3d 139, 142. (4th Cir. 2001). Defendant was sentenced

1

Government's motion to dismiss and Defendant's motion is dismissed with prejudice.

**IT IS THEREFORE ORDERED** that the Government's Motion for Summary Judgment is **granted.** The motion under 28 U.S.C. § 2255 is *dismissed with prejudice*.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

    s/ Cameron McGowan Currie
    CAMERON McGOWAN CURRIE
    SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 6, 2013

---

and the Judgment Order entered onto the docket on July 19, 2012. Defendant did not file her motion for relief until August 12, 2013. *See Houston v. Lack*, 487 U.S. 266 (1988).